**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRANCH BANKING AND TRUST COMPANY, )        3:12-cv-00644-HDM-VPC
                                 )
                    Plaintiff,   )
                                 )        ORDER
vs.                              )
                                 )
THOMAS M. BROWN, KATHLEEN R.     )
BROWN, et al,                    )
                                 )
                    Defendants.  )
_____)

   The plaintiff, Branch Banking and Trust Company, has filed a complaint against the defendants, Thomas M. and Kathleen R. Brown, for breach of their commercial guaranties of three loans extended to T.M.B. Builders, LLC. (*See* Compl. 8-10). Presently before the court is the plaintiff's motion for summary judgment (#28). The defendants have opposed (#34) and the plaintiff has replied (#39).

   The plaintiff acquired all rights under the loans in question in 2009. (*See* P. Mot. Summ. J. 3.) The plaintiff, T.M.B Builders, and the defendants entered into loan forbearance agreements regarding two of the loans on February 14, 2011. (*Id.* 3-6.) Pursuant to the loan forbearance agreements, the outstanding balance of principal and accrued interest on those two loans was due on or before December 1, 2011. (*Id.*) T.M.B Builders failed to pay the outstanding balance of principal and accrued interest by that date. (*Id.* 4, 6) A "Change in Terms Agreement" extended the maturity date of the third loan to February 24, 2010. (*Id.* 7.) T.M.B. Builders failed to pay the outstanding balance of principal and accrued interest by February 24, 2010. (*Id.*) Having failed to

1

cure the default payments on the three loans in question, T.M.B. Builders filed a petition for relief under the United States Bankruptcy Code on September 5, 2012.  (*Id.* 4, 6, 7.)  The plaintiff then filed its complaint (#1) against the defendants for breach of commercial guarantees and breach of the covenant of good faith and fair dealing on December 7, 2012.  (*See* Compl. 8-11.) The plaintiff filed its motion for summary judgment (#28) on August 14, 2013.

**Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998).  A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth.  *Lynn v. Sheet Metal Workers Int'l Ass'n,* 804 F.2d 1472, 1483 (9th Cir. 1986); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to

return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).  "A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Board v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir. 1978); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free . . . to grant summary judgment."). Moreover, "[i]f the factual context makes the non-moving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial." *Blue Ridge Insurance Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998) (citing *Cal. Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)).  Conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, if the nonmoving party fails to present an adequate opposition to a summary judgment motion, the court need not search the entire record for evidence that demonstrates the existence of a genuine issue of fact. *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029-31 (9th Cir. 2001) (holding that "the district court may determine whether there is a genuine issue of fact, on summary judgment, based on the papers submitted on the

motion and such other papers as may be on file and specifically referred to and facts therein set forth in the motion papers"). The district court need not "scour the record in search of a genuine issue of triable fact," but rather must "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir.1995)). "[The nonmoving party's] burden to respond is really an opportunity to assist the court in understanding the facts. But if the nonmoving party fails to discharge that burden–for example by remaining silent–its opportunity is waived and its case wagered." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

**Analysis**

The court construes the plaintiff's motion for summary judgment as a motion for partial summary judgment solely as to the issue of liability. (*See* P. Reply 1-2.)

The plaintiff has provided uncontradicted evidence that the defendants are indeed the guarantors of the three loans in question and that the plaintiff possesses all rights to these loans. This is reflected in the exhibits, copies of the relevant promissary notes, construction deeds of trust, commercial guarantees signed by the defendants, "Change in Terms Agreements," lone forbearance agreements, and documentation assigning all rights to the plaintiff. (*See* Compl. Ex. 1-14.) The defendants have provided documentation that T.M.B. Builders has defaulted on the relevant loans and has filed for bankruptcy. (*See* D. Opp'n Ex. 1.)

In their opposition (#34) to the plaintiff's motion for

summary judgment, the defendants dispute the amount of damages they may ultimately owe the plaintiff, but have not contested that they are in fact liable as the guarantors of the loans and have breached their guaranties. (*See generally* Def. Opp'n.)  None of the arguments raised by the defendants create a genuine issue of material fact on the issue of liability.

The defendants first argue in their opposition that a Nevada statute, NRS 40.495(4), prevents summary judgment because "until an evidentiary hearing is held pursuant to NRS 40.495(4), the amount of the guarantors' liability, if any, cannot be determined and judgment cannot be entered."  (Def. Opp'n 1; *see also id.* 3-4.)  The plaintiffs have filed a motion (#43) requesting leave to address the issue of whether or not NRS 40.495(4) applies to the action at hand.  However, whether or not the statute applies, it does not bar summary judgment on the issue of liability.  Under certain circumstances, NRS 40.495(4) requires an evidentiary hearing to determine the fair market value of the property at issue, and then limits the creditor's recovery from the guarantor based on the value of the property.  The statute does not address liability itself and does not prevent the court from ruling as to whether or not a guaranty has been breached; if the statute applies, it only affects the amount owed under the guaranties.  *See Wells Fargo Bank, N.A. v. Elefante*, No. 2:12-cv-01521-RCJ-CWH, 2013 WL 1819801, at *3 (D. Nev. Apr. 26, 2013).

The defendants next argue that summary judgment cannot be granted because the plaintiffs have not properly substantiated their damages.  (D. Opp'n 2, 4-5.)  Again, the amount of damages is not at issue at this time, as plaintiffs have filed for summary

judgment solely as to whether the defendants are liable, not as to the amount owed.

Finally, the defendants argue that the amount of their indebtedness is subject to modification by the bankruptcy proceedings related to T.M.B. Builder's petition for bankruptcy. (D. Opp'n 2, 5-6.)  This argument is without merit, as the United States Bankruptcy Code explicitly states that "except as provided in subsection (a)(3) of this section," which is not relevant to the facts at hand, "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."  11 U.S.C. § 524(e).  The Ninth Circuit has noted that "[i]t is . . . well-established that the discharge of the principal debtor in bankruptcy will not discharge the liabilities of codebtors or guarantors."  *Star Phoenix Min. Co. V. W. Bank One*, 147 F.3d 1145, 1147 n.2 (9th Cir. 1998) (citing *Underhill v. Royal*, 769 F.2d 1426, 1432 (9th Cir. 1985))).  However, even if the amount of the defendants' debt as guarantors could be reduced or modified by T.M.B. Builder's bankruptcy proceedings, the defendants' argument still would not preclude summary judgment as to the issue of liability alone.

In the case at hand, the plaintiff has presented uncontested evidence that it possess all rights to the loans in question, that the defendants are the guarantors of these loans, and that the borrower T.M.B. Builders has defaulted on these loans.  Given that the plaintiff has presented evidence as to liability that would call for judgment as a matter of law at trial if left uncontroverted, the burden shifts to the defendants to show by specific facts the existence of a genuine issue for trial.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

However, the defendants have presented no evidence whatsoever to contradict the plaintiff's claim that the defendants have breached their guaranties and are now liable to the plaintiff as a result. The court therefore finds that, even when viewing the evidence as required "'in the light most favorable to the party opposing the motion,'" the defendants have failed to show that there is a genuine issue of material fact as to their liability under the guarantees. *Matsushita Elec. Indus Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (quoting *United States v. Diebold*, 369 U.S. 654, 655 (1962)).

Accordingly, the plaintiff's motion for partial summary judgment on the issue of liability (#28) is **GRANTED.**

**IT IS SO ORDERED.**

DATED: This 13th day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE