UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

```
BRANCH BANKING AND TRUST COMPANY, )    3:12-cv-00644-HDM-VPC
                                  )
            Plaintiff,            )
                                  )    ORDER
vs.                               )
                                  )
THOMAS M. BROWN, KATHLEEN R.      )
BROWN, et al,                     )
                                  )
            Defendants.           )
_____)
```

The plaintiff, Branch Banking and Trust Company, has filed a complaint against the defendants, Thomas M. and Kathleen R. Brown, for breach of their commercial guarantees of three loans extended to T.M.B. Builders, LLC. (*See* Compl. 8-10). The court has granted partial summary judgment to the plaintiffs on the issue of liability (#46). Presently before the court is the plaintiff's motion for leave to challenge the applicability of NRS 40.495(4) (#43). The defendants have opposed (#44) and the plaintiff has replied (#45).

The defendants first specifically raised the issue of NRS 40.495(4) and its bearing on the case at hand in its opposition (#34) to the plaintiff's motion for partial summary judgment (#28).

1

1   The plaintiff filed a second motion for partial summary judgment
2   concerning NRS 40.495(4) (#41) on November 12, 2013, but that
3   motion, which was filed well outside the dispositive motions
4   deadline, was stricken from the record by the court (#42).
5   Subsequently, the plaintiffs filed  a motion (#43) requesting leave
6   to address the applicability of the statute.  The plaintiff asks
7   that its motion for summary judgment concerning NRS 40.495 (#41)
8   now be briefed and considered on the merits.  (P. Mot. 9.)

    The 2011 Nevada Statute NRS 40.495(4) provides that

> "[i]f, before a foreclosure sale of real property, the obligee commences an action against a guarantor . . . [t]he court must hold a hearing and take evidence presented by either party concerning the fair market value of the property as of the date of the commencement of the action . . . After the hearing, if the court awards a money judgment against the guarantor . . . the court must not render judgment for more than (1) The amount by which the indebtedness exceeds the fair market value of the property as of the date of the commencement of the action; or (2) If a foreclosure sale is concluded before a judgment is entered, the amount that is the difference between the amount for which the property was actually sold and the amount of the indetedness which was secured, whichever is the lesser amount."

Nev. Rev. Stat. Ann. § 40.495.  Therefore, if the statute does apply to the case at hand, a hearing to determine the fair market value of the property in question must be held prior to any determination of damages by this court.  As the plaintiff points out in its motion, "[w]hether or not NRS 40.495(4) applies to this case must [therefore] be decided at some point."  (P. Mot. 7.)

    While the defendants did list as an affirmative defense in their Answer (#6) "The protections afforded the Browns under Nevada law including, but not limited to, those found in NRS 40.430 et al and NRS 40.459 as amended by AB 273" (Answer ¶ 3), they never raised NRS 40.495(4) *specifically* until their opposition (#34) to

2

the plaintiff's motion for partial summary judgment (#28), despite having ample opportunity to do so. (*See* P. Mot. 6-7). Yet, the statute, if it applies, could affect amount of damages that the plaintiff is able to recover from the defendants.

Whether or not the statute applies also affects the timeline of this lawsuit, as well as what information both parties need to acquire and prepare in order to litigate the issue of damages. As the plaintiff notes, discovery in this matter concluded on August 1, 2013, and neither party produced, disclosed, or requested information relating to the property's fair market value. (P. Mot. 9-10.) The plaintiff argues that discovery would need to be reopoened "for the limited purpose of developing the fair-market-value issue" if the court finds that NRS 40.495(4) applies. (P. Mot. 10.)

The defendants argue that allowing the plaintiff to address whether or not NRS 40.495(4) applies at this juncture "will unduly prejudice an innocent party." (Def. Opp'n 5.) However, the court concludes that, in the interest of fairness and judicial economy, whether NRS 40.495(4) applies to the case at hand should be briefed and addressed now.

Accordingly, the plaintiff's motion for leave to challenge the applicability of NRS 40.495(4) (#43) is **GRANTED**. The plaintiff's motion for summary judgment concerning NRS 40.495(4) (#41), which was formerly stricken from the record by the court, shall be reinstated and shall be considered to have been filed on the date of this order for the purposes of the briefing schedule. Pursuant to F.R.C.P. 6(d), 56(b), and LR 7-2(e), Defendants shall therefore have 24 days from the date of this order to file any response to

3

1 the plaintiff's motion for summary judgment (#41), and the
2 plaintiff shall have 17 days from the date of the defendants'
3 response, if any, to file any reply.
4  **IT IS SO ORDERED.**
5  DATED: This 13th day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE

4